UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MSPA CLAIMS 1, LLC,**

    **Plaintiff,**

**v.**                                                    Case No:   6:17-cv-1790-Orl-31DCI

**HALIFAX HEALTH, INC,**

    **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Stay Proceedings or, in the Alternative, for Order Setting Scheduling Conference (Doc. 60) filed by the Defendant, Halifax Health, Inc. (henceforth, "Halifax"), the response in opposition (Doc. 64) filed by the Plaintiff, MSPA Claims 1, LLC ("MSPAC"), and the reply (Doc. 68) filed by Halifax.

    **I.**     **Background**

MSPAC filed this purported class action as the assignee of Florida Healthcare Plus, Inc. ("FHCP"), a Medicare Advantage Organization ("MAO"). In its Complaint (Doc. 22-1 at 7-29), originally filed in state court and subsequently removed, MSPAC alleges that one of FHCP's enrollees[1] incurred $32,000 in medical bills for treatment from Halifax. The enrollee also had medical coverage through 21st Century Preferred Insurance Company ("21st Century"), which was the primary payer for that enrollee. MSPAC contends that Halifax billed both FHCP – which was secondarily liable – and 21st Century the full amount of the enrollee's bill. 21st Century paid its $10,000 policy limit, and FHCP paid the entire $32,000.

---

[1] The enrollee's name is being kept confidential.

In Count I of the Complaint, MSPAC seeks to recover the $10,000 overpayment (as FHCP's assignee) pursuant to the Medicare Secondary Payer Act (the "MSP Act"), 42 U.S.C. § 1395y(b). MSPAC also argues that Halifax's failure to reimburse FHCP was a violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 *et seq.* (Count II) and constituted unjust enrichment (Count III). Halifax has filed a motion to dismiss (Doc. 16), arguing *inter alia* that MSPAC lacks a legal basis for pursuing those claims. That motion is ripe for review. In the instant motion, Halifax requests a stay to avoid incurring discovery costs before the motion to dismiss has been resolved.

**II.     Analysis**

Congress passed the MSP Act in 1980 to reduce the costs of Medicare. *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1306 (11th Cir. 2006). Prior to the passage of the MSP Act, Medicare often acted as a primary payer, paying for an enrollee's medical expenses even when the enrollee carried other insurance that covered those expenses or when some third party had an obligation to pay for them. *MSP Recovery, LLC v. Allstate Insurance Company*, 835 F.3d 1351, 1354-55 (11th Cir. 2016). The MSP Act changed this, making Medicare only secondarily liable – meaning that if payment has been or is reasonably expected to be made by another entity, Medicare does not have to pay. 42 U.S.C. § 1395y(2)(A); *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 777 (11th Cir. 2002). To accommodate its beneficiaries, however, Medicare does make payments for covered services, even when another source is obligated to do so, if the other source is not expected to pay promptly. 42 U.S.C. § 1395y(2)(B)(i); *Cochran* at 777. These payments are conditioned on reimbursement to Medicare, 42 U.S.C. § 1395y(2)(B)(i), and are referred to as "conditional payments". Section 1395y(3)(A) of the MSP Act provides a private cause of action for double damages "in the case of a primary plan which fails to provide for primary payment (or

appropriate reimbursement)" in accordance with the provisions of 42 U.S.C. § 1395y(1) and 42 U.S.C. §1395y(2)(A). It is this private right of action that MSPAC seeks to utilize against Halifax in Count I.

Halifax does not dispute that MSPAC is entitled to recover the $10,000 paid by FHCP that had also been paid by 21st Century. But Halifax makes several legal arguments that MSPAC cannot proceed under the MSP Act's private right of action to do so. In particular, Halifax argues that the $10,000 at issue was simply a mistaken overpayment, rather than a conditional payment, and that the MSP Act's private right of action only applies in regard to conditional payments. In addition, Halifax notes that, by its terms, 42 U.S.C. § 1395(y)(3)(A) provides for suit being brought against "a primary plan which fails to provide payment (or appropriate reimbursement)," not a provider such as Halifax.

In its initial discovery request in this putative class action, MSPAC seeks, *inter alia*, financial records for every Medicare recipient treated at Halifax in the past seven years. Thus, discovery in this case is likely to be highly burdensome. Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss for failure to state a claim, should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Accordingly, the Court will grant Halifax's request for a stay of discovery pending resolution of its motion to dismiss.

### III. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Stay Proceedings or, in the Alternative, for Order Setting Scheduling Conference (Doc. 60) is **GRANTED** as set forth above. Discovery in this matter is **STAYED** indefinitely pending resolution of the Defendant's motion to dismiss (Doc. 16).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 20, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE