# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MSPA CLAIMS 1, LLC,**

      **Plaintiff,**

**v.**                                                      Case No: 6:17-cv-1790-Orl-31DCI

**HALIFAX HEALTH, INC,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Reconsideration (Doc. 82) filed by the Plaintiff, MSPA Claims 1, LLC (henceforth, "MSPA"), and the response in opposition (Doc. 96) filed by the Defendant, Halifax Health, Inc. ("Halifax"). MSPA seeks reconsideration of this Court's order of March 2, 2018 (Doc. 75) dismissing, with prejudice, its double-damages claim against Halifax under 42 U.S.C. § 1395y(b)(3)(A). MSPA is asserting the claim as the assignee of Florida Healthcare Plus, Inc. ("FHPI"), which is alleged to have overpaid Halifax by $10,000. The claim was dismissed on the grounds that the statute only authorizes such claims against primary insurers rather than health care providers such as Halifax.

**I.    Legal Standard**

    **A.    Motions for Reconsideration**

While the federal rules do not specifically provide for the filing of a "motion for reconsideration," *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828, 113 S. Ct. 89, 121 L.Ed.2d 51 (1992), it is widely known that Rule 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure 2d* § 2810.1 (2007). However, due to the need to

conserve scarce judicial resources and in the interest of finality, reconsideration is an extraordinary remedy that is to be employed sparingly. *U.S. v. Bailey*, 288 F.Supp. 2d 1261, 1267 (M.D. Fla. 2003). The decision on whether to alter or amend a judgement is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

The authorities generally recognize four basic grounds upon which Rule 59(e) motion may be granted:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice & Procedure 2d* § 2810.1 (2007).

Importantly, parties may not use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001). To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp 198 (S.D.N.Y. 1996).

### B. Medicare Advantage Organizations and Secondary Payers

As originally constituted, Medicare paid for all medical treatment within its scope and left private insurers to pick up whatever expenses remained. *See Humana Medical Plan, Inc. v. Western Heritage Insurance Company*, 832 F.3d 1229, 1234 (11th Cir. 2016). In 1980, in an

effort to curb the rising costs of Medicare, Congress enacted the MSP Act, 42 U.S.C. § 1395y(b) [the "MSP"], which made other insurers covering the same treatment the primary payers and Medicare the secondary payer. *Id.* To accomplish this, 42 U.S.C. § 1395y(b)(2)(A) forbids Medicare from making payments – with one exception – for any item or service when payment has been made (or can reasonably be expected to be made) by another form of insurance, such as a group health plan, worker's compensation law, or automobile insurance. These other forms of insurance are referred to as "primary plans." 42 U.S.C. § 1395y(b)(2)(A).

The one exception is found in 42 U.S.C. § 1395y(b)(2)(B), which authorizes Medicare to make a "conditional payment" if a primary plan "has not made or cannot reasonably be expected to make payment with respect to such item or service promptly". Any such payments are "conditioned on reimbursement" to Medicare. 42 U.S.C. § 1395y(b)(2)(B)(i). A primary plan – and an entity that receives payment from a primary plan – must reimburse Medicare for any conditional payment "if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." 42 U.S.C. § 1395y(b)(2)(B)(i).

> To facilitate recovery of conditional payments, the MSP provides for a government action against any entity that was responsible for payment under a primary plan, 42 U.S.C. § 1395y(b)(2)(B)(iii), and subrogates the United States to the rights of a Medicare beneficiary to collect payment under a primary plan for items already paid by Medicare, § 1395y(b)(2)(B)(iv). The MSP also creates a private right of action with double recovery to encourage private parties who are aware of non-payment by primary plans to bring actions to enforce Medicare's rights. See § 1395y(b)(3)(A).

*Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1307 (11th Cir. 2006).

The Plaintiff's predecessor in interest, FHPI, was a Medicare Advantage Organization, commonly referred to as an "MAO." MAOs are private insurance companies that administer the provision of Medicare benefits. The United States Court of Appeals for the Eleventh Circuit has held that MAOs may bring double-damages claims, under the private right of action set forth in 42

U.S.C. § 1395y(b)(3)(A), against primary plans that fail to reimburse an MAO's conditional payment. *Humana Medical Plan, Inc. v. Western Heritage Insurance Company*, 832 F.3d 1229, 1238 (11th Cir. 2016).

**III.  Analysis**

MSPA attempted to assert a claim against Halifax pursuant to 42 U.S.C. § 1395y(b)(3)(A), which provides as follows:

> There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A).

As noted above, this court's dismissal of that claim was based on the plain language of the statute, which provides that the cause of action may be asserted against a "primary plan" that commits certain misdeeds, as opposed to a health care provider, such as Halifax, that does so.  The bulk of MSPA's motion for reconsideration is taken up with reargument of points it already raised in its response to Halifax's original motion to dismiss.

The only new point of any significance is an opinion from the Southern District of Florida. It involves the same Plaintiff as in this case and was issued eighteen days after the order at issue here.  In *MSPA Claims 1, LLC v. Bayfront HMA Medical Center, LLC*, No. 17-cv-21733, 2018 WL 1400465, at *1, *6 (S.D. Fla. March 20, 2018), the court concluded that MSPA could proceed under 42 U.S.C. § 1395y(b)(3)(A) against a health care provider.  The *Bayfront HMA* court listed two reasons for this finding.  First, the court noted that MAOs are required to provide their enrollees with the same benefits as are provided under traditional Medicare.  *Id.* at *5.  Because Medicare has a right to seek reimbursement from health care providers, the *Bayfront HMA* court reasoned that the statutory scheme "does not make sense" if MAOs are required to provide the same benefits as Medicare but have less authority to seek reimbursement.  *Id*.  However, the

- 4 -

government's authority to seek reimbursement from third parties such as medical providers comes from 42 U.S.C. § 1395y(b)(2)(B)(iii), titled "Action by United States," which permits the government to recover "from any entity that has received payment from a primary plan or from the proceeds of a primary plan's payment to any entity." The private right of action found at 42 U.S.C. §1395y(b)(3)(A) – the section under which MSPA seeks to proceed – does not include any language authorizing actions against third parties.

The *Bayfront HMA* court's second basis for its conclusion involved an examination of other statutory provisions that were cited in 42 U.S.C. § 1395y(b)(3)(A):

> In addition, the private action provision, found at paragraph (3), provides for a private cause of action when there has not been payment or reimbursement "in accordance with paragraphs (1) and (2)(A)." The Court, therefore, must look to multiple linked subsections to comprehend the law as a whole. Subparagraph (2)(A), directly referenced in the private action provision, prohibits any Medicare payment when there is a primary plan, "except as provided in subparagraph (2)(B)." Subparagraph (2)(B), among other things, (i) grants the Secretary the authority to make conditional payments; (ii) requires primary plans and "an entity that receives payment from a primary plan" to reimburse the Secretary; and (iii) permits an action by the United States to recover double damages against both a primary plan and an "entity that receives payment from a primary plan." Reviewing these provisions, the Court is able to draw a line from paragraph (3), permitting a private cause of action for double damages, to subparagraph (2)(B), which allows the Government to bring a cause of action for double damages against both a primary payer and a provider. "Thus, the three paragraphs work together to establish a comprehensive MSP scheme."

*Bayfront HMA*, 2018 WL 1400465, at *5 (internal citations omitted).

Respectfully, this court disagrees. The fact that a reader can "draw a line" from the provision authorizing a private right of action to a second provision, and from there to a third that authorizes Medicare to proceed against third parties, does not suggest that the latter provision was intended to be incorporated into the former. And it is not sufficient to overcome the plain language of the private right of action, which by its terms is limited to "the case of a *primary plan*

which fails to provide for primary payment (or appropriate reimbursement)". 42 U.S.C. § 1395y(b)(3)(A) (emphasis added).

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc.82) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 18, 2018.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**