# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MSPA CLAIMS 1, LLC,**

      **Plaintiff,**

**v.**                                                 Case No: 6:17-cv-1790-Orl-31DCI

**HALIFAX HEALTH, INC,**

      **Defendant.**

## ORDER

This matter comes before the Court *sua sponte*. On March 2, 2018, the Court dismissed Count I of the Plaintiff's Complaint (Doc. 1-1 at 8-30), in which the Plaintiff attempted to assert a claim under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b). (Doc. 75). On July 18, 2018, the Court denied the Plaintiff's motion for reconsideration of that dismissal. (Doc. 104). The two remaining counts involve state law claims – one under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* (Count II) and one for unjust enrichment (Count III). Both the Plaintiff and the Defendant are Florida companies – and, to the extent it might be relevant, the Plaintiff is asserting claims (purportedly) assigned to it by another Florida company, Florida Healthcare Plus, Inc. (Doc. 1-1 at 8-9). Thus, as a result of the dismissal of Count I, the Court does not possess original jurisdiction over the remaining claims.

The Court did possess supplemental jurisdiction over the state law claims at the time the case was removed. However, the supplemental jurisdiction statute, 28 U.S.C. §1367, permits a federal court to decline to exercise such jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. §1367(c). In determining whether to decline to exercise supplemental jurisdiction, the court should "take into account concerns of comity, judicial

economy, convenience, fairness, and the like." *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999). This case is still in the early stages of litigation, with discovery having been stayed since December of last year. (Doc. 73). As such, it does not appear that the factors of judicial economy, convenience or fairness weigh in favor of maintaining this matter in federal court. On the other hand, resolution of the Plaintiff's remaining claims will depend on determinations of state law, and the United States Court of Appeals for the Eleventh Circuit has held that state courts, not federal courts, should be the final arbiters of state law. *See Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). The Court will therefore decline to exercise supplemental jurisdiction over the remaining claims.

This case was originally filed in state court in Dade County, then removed to the United States District Court for the Southern District of Florida, before being transferred to this court. (Doc. 1, Doc. 48). Federal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction. *Myers v. Central Florida Investments, Inc.*, 592 F.3d 1201, 1226-27 (11th Cir. 2010) (citing cases). Accordingly, it is hereby

**ORDERED** that this matter is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. The Clerk is directed to terminate all pending motions and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 19, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE